J-S02027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :         PENNSYLVANIA
                                                   :
          v.                              :
                                                   :
BRYANT L. YOUNG,                :
                                                   :
          Appellant.           :     No. 1572 EDA 2018

Appeal from the PCRA Order, May 2, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0006568-2013.

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:           **FILED APRIL 11, 2019**

Bryant L. Young appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows:  On October 2, 2014, a jury convicted Young of first-degree murder and related offenses. That same day, the trial court imposed an aggregate sentence of life in prison. Young filed an appeal to this Court, and we affirmed his judgment of sentence on October 20, 2015.  **Commonwealth v. Young**, 134 A.3d 102 (Pa. Super. 2015).  Young did not seek further review.

On June 14, 2016, Young filed a *pro se* PCRA petition in which he raised multiple claims including ineffectiveness of counsel, prosecutorial misconduct and alleged constitutional violations.  The PCRA court appointed counsel.  On

July 12, 2017, PCRA counsel filed an amended petition, which raised the sole issue of ineffective assistance of trial counsel for failing to investigate and/or call a witness to the shooting, Bernadette Suber. The Commonwealth filed a motion in which it requested that Young file a witness certification pursuant 42 Pa.C.S.A. Pa.R.Crim.P. 902(a)(15). **See also** 42 Pa.C.S.A. § 9545(d)(1).

The PCRA court granted Young three continuances so that he could investigate and obtain Ms. Suber's certification. On January 12, 2018, after Young failed to submit a certification, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Young's amended PCRA petition without a hearing. Young filed a response, which contained Ms. Suber's witness certification.

The PCRA court held an evidentiary hearing on May 1, 2018, at which time it heard Ms. Suber's testimony, as well rebuttal testimony from Philadelphia homicide detective James Burns. The next day, the PCRA court heard testimony from a private investigator who had interviewed Ms. Suber. At the conclusion of this hearing, the PCRA court informed the parties that it did not find Ms. Suber credible, and, therefore dismissed the amended PCRA petition.

When discussing Young's right to file an appeal, the issue arose as to whether Young wanted PCRA counsel to still represent him, or whether Young wished to file an appeal *pro se*. PCRA counsel informed the court that he had told Young that the PCRA court's credibility determination regarding Ms. Suber's testimony would be binding on appeal, and therefore, if he did file an

appeal on Young's behalf, he would feel compelled to file a petition to withdraw and an ***Anders*** brief.[1]  ***See*** N.T., 5/2/18, at 35.

The PCRA court engaged in a colloquy with Young, explained to him the process that occurs when counsel seeks to withdraw, and, ultimately, determined that Young wished to represent himself on appeal.  The PCRA court then asked Young if he had any questions, and the following exchange occurred:

> [**YOUNG**]:  I wanted to ask one more thing.  As far as the petition I filed, now just because we went on with Ms. Suber's statement today, none of the other issues [raised in the *pro se* petition] had any merit, is that the reason?
>
> **THE COURT**:  The way it works is yes, I mean [PCRA counsel] made a determination when he filed his amended petition that this was the only issue with merit, and you're represented by counsel.  So, yes, that's the only issue that I've addressed.

N.T., 5/2/18, at 44-45.  This timely appeal followed.  The PCRA court did not require Pa.R.A.P. 1925 compliance.  The PCRA court, however, has prepared

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967).  However, because Young would be appealing from the denial of post-conviction relief, PCRA counsel would need to follow the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

an opinion that addresses Young's ineffectiveness claim involving Ms. Suber's testimony. *See* PCRA Court Opinion, 6/18/18.[2]

Young raises the following issues in his brief:

1. The PCRA court denied Young's PCRA petition, finding that PCRA counsel was not ineffective for failing to file a "no merit" letter, pursuant to *Finley*, *supra*, stating that none of the issues raised in Young's *pro se* memorandum of law in support of his PCRA petition was of arguable merit, thus PCRA counsel and the PCRA court failed to comply with the procedural requirements for allowing PCRA counsel to withdraw. Did the PCRA court commit reversible legal error by doing so?

2. The PCRA court denied [Young's] PCRA petition, finding that PCRA counsel was not ineffective for failing to challenge the PCRA court's refusal to sequester Commonwealth rebuttal witness, Detective James Burns, who shaped his rebuttal testimony in accordance with the testimony given by defense witness Ms. Suber. Did the PCRA court commit reversible legal error and a clear abuse of discretion in doing so?

*See* Young's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

---

[2] Within this opinion, the PCRA court noted that Young filed a second PCRA petition on June 12, 2018, and that the court dismissed it as premature. *See* PCRA Court Opinion, 6/18/18, at 2 n.4.

Before addressing the issues Young raises on appeal, we must first determine whether the claims are properly before us. Both of Young's claims involve the alleged ineffectiveness of PCRA counsel. Such claims cannot be raised after a notice of appeal has been filed. **Commonwealth v. Henkel**, 90 A.3d 16, 21-30 (Pa. Super. 2014) (discussing in detail appellate decisions addressing the preservation of claims of PCRA counsel's ineffectiveness).

Here, contrary to Young's statement of his issues, the PCRA court never addressed the effectiveness of PCRA counsel, but rather only addressed the ineffectiveness of trial counsel. Young never challenged PCRA counsel's effectiveness before the PCRA court. Thus, Young inappropriately has raised the claims regarding PCRA counsel for the first time on appeal. **See generally**, Pa.R.A.P. 302(a).

In addition, Young's first issue, as stated, misunderstands the circumstances regarding PCRA counsel's withdrawal. Clearly, the dictates of **Turner**/**Finley** do not apply given the procedural history of this case. PCRA counsel did not seek to withdraw once he had reviewed the record, but rather filed an amended petition after which an evidentiary hearing was held. Thus, the PCRA court was under no obligation to independently review of the issues PCRA counsel chose not to pursue. PCRA counsel was granted permission to withdraw because he believed an appeal of the denial of post-conviction relief would be frivolous, and the PCRA court determined that Young was willing and able to file the appeal *pro se*.

As to Young's second issue, we note that, in addition to not being preserved for appeal, it is also undeveloped.  Young provides no supporting argument for this claim.  Indeed, the Commonwealth contends that Detective Burns was not inside the courtroom when Ms. Suber testified.  ***See*** Commonwealth's Brief at 10, n.3.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/19